IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OSCAR ALAMILLA MORENO,

    Petitioner,

  v.

GARY S. SANDOR, Warden, California Institution for Men,

    Respondent.

No. C 12-5135 WHA

**ORDER TO SHOW CAUSE**

    Petitioner Oscar Alamilla Moreno is currently confined at the California Institution for Men in Chino. Pursuant to 28 U.S.C. 2254, he has filed a petition for writ of habeas corpus through counsel challenging a conviction in California state court.

    Petitioner was convicted of assault with a deadly weapon, with a gang enhancement under California Penal Code Section 186.22(b)(1)(c) and a weapons enhancement under Section 12022.7(a). Petitioner was sentenced to a total of fifteen years in prison. The California Court of Appeal affirmed the convictions and the California Supreme Court denied review.

    A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that the petitioner is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243.

    As grounds for federal habeas relief, petitioner claims that his federal constitutional rights were violated because there was insufficient evidence to support the gang enhancement to petitioner's conviction. The issues in the petition are sufficient to require a response.

1. The **CLERK IMMEDIATELY SHALL SERVE** by regular mail a copy of this order and the petition with attachments upon respondent and respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on petitioner's counsel.

2. **RESPONDENT SHALL FILE WITH THE COURT AND SERVE ON PETITIONER, WITHIN SIXTY DAYS OF THE ISSUANCE OF THIS ORDER, AN ANSWER** conforming in all respects to Rule 5 of the Rules governing Section 2254 cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b). The record must be indexed.

If petitioner wishes to respond to the answer, he shall do so by filing a **TRAVERSE WITH THE COURT AND SERVING IT ON RESPONDENT WITHIN THIRTY DAYS OF THE DATE THE ANSWER IS FILED**.

3. Respondent may file, **WITHIN SIXTY DAYS**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **THIRTY DAYS** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **FIFTEEN DAYS** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true and correct copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE