IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OSCAR ALAMILLA MORENO,

    Plaintiff,

  v.

GARY S. SANDOR,

    Defendant.

No. C 12-05135 WHA

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. 2254 by a state prisoner. For the reasons stated below, the petition is **DENIED**.

## STATEMENT

In June 2008, petitioner Oscar Alamilla Moreno and a fellow gang member, Jose Carlos Cardenas, were convicted by an Alameda County jury. Petitioner was convicted of assault with a deadly weapon and was sentenced to 15 years in prison, including a 10-year gang enhancement. *People v. Cardenas*, No. A122098, 2011 WL 1573883, at *1 (Cal. App. 1st Apr. 27, 2011). Petitioner appealed his conviction, claiming that there was insufficient evidence to establish that the B Street gang was a criminal street gang. *Ibid*. In April 2011, the California Court of Appeal affirmed the trial court's judgment, finding that there was sufficient evidence for the gang enhancement, primarily stemming from Alameda County Sheriff Sergeant Colby Staysa's expert testimony at trial. *Id*. at *4–5. Sergeant Staysa provided his expert opinion on B

1  Street's primary activities, and opined that the crimes committed by petitioner were done for the
2  benefit of the gang, thus satisfying the elements of the gang enhancement statute. *Id*. at *2.
3  Three months later, the California Supreme Court denied a petition for review (Br. p-1).
4  This federal petition followed.

   The state appellate court has summarized the facts of the case as follows. The B Street gang began in the mid-1990's, operating in the City of Hayward as part of the umbrella gang the Sureños. *Cardenas*, 2011 WL 1573883, at *1. In April 2007, petitioner and fellow B Street gang member Cardenas approached a rival Norteño gang member, Grubbs, at a 7-Eleven store in San Leandro. *Id*. at *2.

> [Petitioner] punched Grubbs in the face. Grubbs noticed a shiny object he thought was a knife in Cardenas's hand, swung a beer bottle at [petitioner and Cardenas], and threw the bottle at Cardenas. As Grubbs ran away from [petitioner and Cardenas], he tripped and fell. [Petitioner and Cardenas] kicked and punched Grubbs while he was on the ground. [Grubbs's fellow gang member, Diaz,] exited the store with a knife in his hand, and Cardenas, who also had a knife, left Grubbs to engage Diaz. Grubbs shouted to Diaz that he was being stabbed; they both ran to Grubbs's girlfriend's nearby home; and [petitioner and Cardenas] and [fellow Sureño gang member] drove away in their vehicle.

*Ibid*. While in jail, in May 2007, petitioner admitted that he was a Sureño gang member from B Street. *Id*. at *1.

As grounds for federal habeas relief, petitioner alleges that, under the Fifth and Fourteenth Amendments, his due process right to a fair trial and right not to be convicted unless found guilty beyond a reasonable doubt were violated because there was insufficient evidence presented at trial to support his gang enhancement conviction (Br. m-2). Specifically, petitioner challenges Sergeant Staysa's expert testimony at trial.

It is worth noting that neither petitioner nor respondent raise any issue under the Confrontation Clause or otherwise contend that the district attorney was not entitled to present expert witness concerning gang-related activity. Rather, the principal contention is that the evidence presented by Sergeant Staysa was insufficient.

2

**ANALYSIS**

**1.    STANDARD OF REVIEW.**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court may not grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim

>    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." *LOCKYER v. Andrade*, 538 U.S. 63, 75–76 (2003). "While the 'objectively unreasonable' standard is not self-explanatory, at a minimum it denotes a great[] degree of deference to the state courts." *Clark v. Murphy*, 331 F.3d 1062, 1068 (9th Cir. 2003). In *Harrington v. Richter*, 562 U.S. —, 131 S. Ct. 770, 785 (2011) (emphasis in original), the Supreme Court emphasized that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law."

3

As to the "unreasonable determination of the facts" clause, a federal court must presume the correctness of the state court's factual findings, and the presumption of correctness may only be rebutted by clear and convincing evidence. 28 U.S.C. 2254(e)(1).

The state court decision to which Section 2254(d) applies is the "last reasoned decision" of the state court. *See Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005). If constitutional error is found, habeas relief is warranted only if the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Penry v. Johnson*, 532 U.S. 782, 795 (2001).

As stated, petitioner's ground for relief is based on the alleged violation of his due process rights under the Fifth and Fourteenth Amendments, relying on the Supreme Court decision *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." A federal court collaterally reviewing a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992). Nor does a federal habeas court in general question a jury's credibility determinations, which are entitled to near-total deference. *Jackson*, 443 U.S. 307 at 326. Indeed, if confronted by a record that supports conflicting inferences, a federal habeas court "must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution." *Ibid*. The federal court "determines only whether 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Payne*, 982 F.2d at 338 (quoting *Jackson*, 443 U.S. at 319). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt may the writ be granted. *See Jackson*, 443 U.S. at 324.

   **2.   SUFFICIENCY OF THE EVIDENCE.**

In asserting that insufficient evidence was presented at trial to support his conviction under the gang enhancement statute, petitioner argues that Sergeant Staysa's expert testimony

4

1  was insufficient to satisfy two elements of the gang enhancement statute. The elements of the
2  California Penal Code Section 186.22 at issue are: (1) that the crimes committed were part
3  of the "primary activities" of the alleged gang, and (2) that the gang engaged in a "pattern of
4  criminal activity" through its members (Br. m-3). Petitioner argues that Sergeant Staysa's expert
5  testimony was too conclusory to meet the statute's elements. Each of these two elements of the
6  gang enhancement statute will be addressed in turn.

### A. "Primary Activities" Element.

Pursuant to Section 186.22(f), a criminal street gang must have as one of its primary activities the commission of one or more statutorily enumerated predicate offenses. "The phrase 'primary activities,' as used in the gang statute, implies that the commission of one or more of the statutorily enumerated crimes is one of the group's 'chief' or 'principal' occupations." *People v. Sengpadychith*, 26 Cal. 4th 316, 323 (2001). As to testimony provided by a detective, the California Supreme Court has held that it provides "a basis from which the jury could reasonably find" that a gang meets the requirements for a criminal street gang and that its commission of crimes were part of the gang's primary activities. *People v. Gardeley*, 14 Cal. 4th 605, 620 (1996).

The state appellate court held that Sergeant Staysa's testimony at trial was sufficient to meet this element.

> At trial, sufficient evidence was provided to show that the primary activities of B St[reet] encompassed the statutorily defined criminal conduct. Sergeant Staysa opined that B St[reet]'s primary activities include attempted murder, assault with a deadly weapon or by means of force likely to produce great bodily injury, unlawful taking or driving of a vehicle, graffiti, and the sale of narcotics. [Sergeant] Staysa based this opinion on his experience as a gang investigator for almost eight years, his personal contacts with B St[reet] members, his investigations into B St[reet]-related crimes, and criminal investigations related to other Sureño gangs known to associate with B St[reet]. He also relied on conversations with other gang investigators, police reports of arrests of B St[reet] members, and documents related to criminal prosecutions.
>
> Sergeant Staysa's testimony falls squarely within the type of testimony found adequate in *Gardeley* to satisfy the "primary activities" requirement of section 186.22, subdivision (f) . . . . Here, Sergeant Staysa provided expert testimony that B St[reet]'s primary activities include several of the statutorily enumerated

> crimes. He further provided bases for his opinion that satisfied factual foundational requirements for the testimony. [The state appellate court] conclude[s] there was sufficient "primary activity" evidence to support the jury's gang enhancement findings.

*Cardenas*, 2011 WL 1573883 at *3–4 (internal citations omitted).

Upon examining the transcripts from trial, it is noted that the trial court accepted Sergeant Staysa as an expert on gangs, particularly with the B Street gang (Reporter's Tr. vol. 3 at 867). Sergeant Staysa asserted that B Street gang has as part of its primary activities attempted murder, assault with a deadly weapon or by means of force likely to produce great bodily injury, and theft and unlawful taking or driving of a vehicle (*id.* at 874–75, 954, 961). These are part of the statutorily enumerated predicate offenses. *See* Cal. Pen. Code § 186.22(e). Based on the record, the trial court reasonably determined that Sergeant Staysa's testimony was sufficient to prove the "primary activities" element of the gang enhancement statute.

### B.     "Pattern of Criminal Activity" Element.

By statute, a "pattern of criminal gang activity" is established by the commission of two or more statutorily enumerated predicate offenses on separate occasions, or by two or more persons, with at least one occurring after the effective date of the statute's chapter — September 26, 1988 — and with the last offense occurring within three years of a prior offense. Cal. Pen. Code § 186.22(e).

The state appellate court held that sufficient evidence was presented at trial to meet this element.

> [Petitioner's and Cardena's] argument is without merit, as [petitioner's] previous conviction and the crimes charged against [petitioner and Cardenas] at trial provided sufficient predicate offenses to support the gang enhancements. The record reveals that [petitioner] had a predicate offense from a December 2006 felony conviction of unlawful taking or driving of a vehicle. [Petitioner's and Cardena's] charges of attempted murder and assault with a deadly weapon and by force likely to produce great bodily injury are also predicate offenses. Between [petitioner and Cardenas], [they] had a total of five predicate offenses.
>
> [Petitioner and Cardenas] appropriately concede that the charged crimes were gang related. Prior to the incident with Grubbs, [petitioner and Cardenas] independently admitted their

6

1         membership in B St[reet] during intake classification interviews.*
2         Sergeant Staysa opined that both [petitioner and Cardenas] were B St[reet] members. Therefore, sufficient evidence was present to show that the charged crimes were gang related. Accordingly, substantial evidence existed to show that B St[reet] had the requisite predicate offenses to establish a pattern of criminal activity.

*Id*. at *5 (internal citations omitted).

Relying on state court decisions and petitioner's admission that he was a member of the B Street gang, the state appellate court considered petitioner's past crimes, evidence of the present case's criminal charges, proof of another offense committed on the same occasion by a fellow gang member, evidence that the charged crimes were gang related, and certified official records of prior convictions proving the commission of an enumerated offense. *See Gardeley*, 14 Cal. 4th at 621–22; *People v. Loeun*, 17 Cal. 4th 1, 5 (1997); *People v. Duran*, 97 Cal. App. 4th 1448, 1461 (2002).

Upon examining the transcripts from trial, Sergeant Staysa testified that petitioner was convicted of a felony violation of unlawful taking or driving of a vehicle in 2006, which constitutes a statutorily enumerated predicate offense, and that Sergeant Staysa himself participated in that investigation. The prosecutor also introduced two certified copies of court documents proving the conviction (Reporter's Tr. vol. 3 at 876; vol. 4 at 879, 883–84). The 2006 conviction along with the charges brought against petitioner in the present case can lead the trial court to reasonably determine that there was sufficient evidence to satisfy the "pattern of criminal activity" element of the gang enhancement statute.

## CONCLUSION

The state court's adjudication of petitioner's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Nor was the decision based on an unreasonable determination of the facts in light of the evidence

---

\* The decision from the state appellate court stated that the incident with Grubbs occurred in April 2007, but the intake classification interview occurred in May 2007. The transcripts from trial show that there is at least one other intake classification sheet, dated October 2006, in which petitioner admits to being a B Street member (Reporter's Tr. vol. 4 at 892–93). This fact, however, will not be considered because petitioner did not raise it as an issue and it is not pertinent to the analysis herein.

7

presented in the state court proceedings. Accordingly, petitioner's right to due process was not violated. The petition for a writ of habeas corpus is, therefore, **DENIED**.

A certificate of appealability will not be issued. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The **CLERK SHALL ENTER JUDGMENT AND CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: May 17, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8